UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEE SANNING<br><br>        Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF WHITMAN<br>COLLEGE,<br><br>        Defendant. | NO. 4:15-cv-05055-SAB<br><br>**ORDER DENYING<br>DEFENDANT'S MOTION TO<br>DISMISS** |

On June 22, 2015, Dr. Lee Sanning filed a complaint against the Board of Trustees of Whitman College ("Whitman") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); and for breach of contract and sex discrimination under the common law of Washington. ECF No.1. Sanning filed an Amended Complaint on August, 2, 2015. ECF No. 5. On August 20, 2015, Whitman filed the instant Motion to Dismiss. ECF No. 9. A hearing was held on December 8, 2015 in Richland, Washington. Sanning was represented by Frederick Henry Gautschi, III. Whitman was represented by Megan L. Starich. The Court orally denied the motion. This Order memorializes that ruling.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** # 1

### *Motion Standard*

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts, if taken as true, to allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint does not need detailed factual allegations but it must provide more than a "formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal,* 556 U.S. at 678.

### *Analysis*

Here, Sanning alleges sufficient facts that allow the Court to draw reasonable inferences that a plausible ground for relief exists. Sanning alleges the college treated him improperly throughout an investigation into the relationship between Sanning and Dr. Heather Hayes. According to Sanning, Whitman treated him differently than Hayes because of his sex. This differential treatment supposedly lead to a process which violated the Grievance Policy adopted by Whitman and ultimately led to Sanning's employment being terminated. These allegations, although far from proven, are enough to survive a Rule 12(b)(6) motion for summary judgment.

//

//

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** # 2

1

*Conclusion*

2      For the reasons stated above, as well as the reasons stated on the record at

3  the hearing, Defendant's Motion to Dismiss, ECF No. 9, is **denied**.

4      **IT IS SO ORDERED.** The District Court Executive is hereby directed to

5  enter this Order and provide copies to counsel.

6      **DATED** this 9th day of December 2015.



10
                            Stanley A. Bastian
11
                       United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** # 3